UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. ESPINOZA,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>GREEN TREE SERVICING, LLC;<br>QUALITY LOAN SERVICE<br>CORPORATION; et al.,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 11-CV-920 JLS (WVG)<br><br>**ORDER: GRANTING DEFENDANT QUALITY LOAN SERVICE CORPORATION'S MOTION TO DISMISS**<br><br>(ECF No. 7) |

On March 8, 2011, Plaintiff filed this pro se action against Defendants Green Tree Servicing, LLC and Quality Loan Service Corporation (QLS). (Notice of Removal, ¶ 1, ECF No. 1; *see generally* Compl., ECF No. 1-1.) On June 6, 2011, QLS moved to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (QLS MTD, ECF No. 7.) The Court set a July 21, 2011 hearing date on QLS' motion. (*Id.*) Under Civil Local Rule 7.1(e)(1), Plaintiff's opposition to the motion was due by July 7, 2011. S.D. Cal. Civ. R. 7.1(e)(1). To date, Plaintiff has not filed an opposition . (*See* Notice of Pl.'s Non-Opp'n, ECF No. 10.)

"The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for

---

[1] Defendant Green Tree Servicing, LLC separately moved to dismiss the claims against it. (Green Tree MTD, ECF No. 3.) Plaintiff opposes Green Tree's motion. (Opp'n to Green Tree MTD, ECF No. 4.)

failure to respond." *Navarro v. Greenlight Fin. Servs.*, 2010 WL 4117444, at *1 (S.D. Cal. Oct. 19, 2010) (Anello, J.) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)). Under Civil Local Rule 7.1(f)(3)(c), "[i]f an opposing party fails to file the papers in the manner requested by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Rule 7.1(e)(2) requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen days prior to the noticed hearing, unless otherwise provided by court order.

Although public policy favors disposition of cases on their merits, *see, e.g.*, *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998), "a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule 12(b)(6) motion," *Navarro*, 2010 WL 4117444, at *2. "Thus, this policy lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction." *Id.* The public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the potential prejudice to Moving Defendants all weigh in favor of dismissal. *See Ghazali*, 46 F.3d at 53. The Court finds that dismissal of this action pursuant to Civil Local Rule 7.1(f)(3)(c) serves to vindicate these interests given that several cases similar to this one are currently pending and awaiting resolution.

QLS requests dismissal of Plaintiff's motion without leave to amend. (Notice of Pl.'s Non-Opp'n 2–3.) Nevertheless, in light of Plaintiff's pro se status, the Court considers dismissal with prejudice premature. Accordingly, the Court **GRANTS** QLS' motion to dismiss and **DISMISSES** Plaintiff's claims against QLS **WITHOUT PREJUDICE**. If Plaintiff wishes to continue litigating this case against QLS, he **SHALL FILE** an amended complaint addressing the deficiencies raised in QLS' motions <u>within 14 days of the date that this Order is electronically docketed</u>.

**IT IS SO ORDERED.**

DATED: July 18, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge