# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. ESPINOZA,<br><br>    Plaintiff,<br>  vs.<br><br>GREEN TREE SERVICING, LLC;<br>QUALITY LOAN SERVICE<br>CORPORATION; et al.,<br><br>    Defendants. | CASE NO. 11CV920 JLS (WVG)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 3) |

Presently before the Court is Defendant Green Tree Servicing, LLC's ("Green Tree") motion to dismiss plaintiff's complaint. (Mot. to Dismiss, ECF No. 3) Also before the Court is Plaintiff Marco A. Espinoza's ("Plaintiff") response in opposition, (Resp. in Opp'n, ECF No.4), and Green Tree's reply in support, (Reply in Supp., ECF No. 8). Having considered the parties' arguments and the law, the Court **GRANTS** Green Tree's motion to dismiss.

## BACKGROUND

On or about August 16, 2007, Plaintiff obtained a loan from National City Mortgage Company secured by a deed of trust against Plaintiff's property located in Calexico, California. (Compl. ¶¶ 1, 6, ECF No. 1-1) Subsequently, on March 11, 2010, Plaintiff's deed of trust was assigned to Defendant Green Tree.[1] (Mot. to Dismiss 2, ECF No. 3) Plaintiff later became in

---

[1] Plaintiff's complaint erroneously names "Green Tree Servicing, LLC formally (sic) known as National City Mortgage Company" as a defendant. (Compl., ECF No. 1-1) Green Tree and National City Mortgage Company are not the same entity, but rather the deed of trust was assigned from National City Mortgage to Green Tree.

default on his loan, and a notice of default was recorded on June 24, 2010. (*Id.*); (Compl. ¶ 7, ECF No. 1-1)  Foreclosure proceedings commenced soon thereafter. (Mot. to Dismiss 2–3, ECF No. 3)

On March 8, 2011, Plaintiff—proceeding pro se—filed the instant suit in the Superior Court of the State of California for the County of Imperial. (Compl., ECF No. 1-1)  Green Tree was served on March 30, 2011, and on April 29, 2011 removed the action to this Court pursuant to 28 U.S.C. § 1441(b), asserting federal question jurisdiction based on Plaintiff's Truth in Lending Act claim. (Not. of Removal 2, ECF No. 1)

The present motion to dismiss was filed by Defendant Green Tree on May 6, 2011. (Mot. to Dismiss, ECF No. 3)  Plaintiff opposed on May 11, 2011, (Resp. in Opp'n, ECF No. 4), and Green Tree replied on June 24, 2011, (Reply in Supp., ECF No. 8). A hearing set on the motion was vacated and the matter was taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

A second motion to dismiss was filed by Defendant Quality Loan Service Corporation ("QLSC") on June 6, 2011. (QLSC Mot. to Dismiss, ECF No. 7)  Plaintiff never filed a response to this motion, and the Court issued an Order granting QLSC's motion to dismiss without prejudice, notifying Plaintiff of the need to file an amended complaint by August 1, 2011 if he wished to continue litigating the case against QLSC. (Order, July 18, 2011, ECF No. 11)  Plaintiff failed to file an amended complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

Plaintiff asserts one federal claim, violation of the Truth in Lending Act ("TILA"), and six state law claims: (1) violation of California Civil Code section 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of California Civil Code section 2923.6; (5) violation of California Civil Code section 1572; and (6) violation of California Business and Professions Code section

17200.  (Compl., ECF No. 1-1)  The Court addresses only the TILA claim and, having found that Plaintiff fails to state a claim for violation of TILA, declines to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c).

**1.  TILA**

Plaintiff's TILA claim is based on Green Tree's alleged failure "to include and disclose certain charges in the finance charge . . . statement, which charges were imposed on Plaintiff[] incident to the extension of credit to the Plaintiff[] and were required to be disclosed."  (Compl. ¶ 69, ECF No. 1-1)  As a result of Green Tree's failure to make the required disclosures, Plaintiff seeks rescission of the loan transaction and purportedly seeks money damages as well.  (*See id.* ¶ 71)

Green Tree moves to dismiss Plaintiff's TILA claim on several bases.  First, Green Tree argues that Plaintiff's TILA claim for damages "fails because Green Tree did not originate the subject loan," but rather National City Mortgage was party to the original loan transaction and later assigned the deed of trust to Green Tree.  (Mot. to Dismiss 11, ECF No. 3)  Second, as to Green Tree's liability as an assignee, Green Tree argues that Plaintiff's claim fails because he failed to allege that the "violation he claims his original creditor committed was apparent on the face of the TILA disclosure statement or the assigned promissory note or deed of trust."  (*Id.* at 11–12)  Third, Green Tree claims that Plaintiff's TILA claim is barred by the applicable statute of limitations.  (*Id.* at 12)

*(A)  Green Tree's Liability Under TILA—"Creditor" vs. Assignee*

"TILA authorizes suits against original creditors and their assignees."  *Anderson Bros. Ford v. Valencia*, 452 U.S. 205, 208 n.4 (1981) (citing 15 U.S.C. §§ 1614, 1640).  To the extent that Plaintiff is seeking damages, Plaintiff may only seek this type of relief from Green Tree if Green Tree is a "creditor" under TILA, 15 U.S.C. § 1640, or if Green Tree is an assignee and "the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement," *id.* § 1641.  Section 1602 defines a "creditor" under TILA:

> The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially

>payable on the fact of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(g).  Under this definition, because Green Tree is not the party "to whom the debt . . . is initially payable" as National City Mortgage—not Green Tree—originated the subject loan, Green Tree cannot be deemed a "creditor" for purposes of TILA liability.

Nevertheless, Green Tree may be liable as an assignee for National City Mortgage's failure to disclose if the violation was apparent on the face of the loan document.  15 U.S.C. § 1641.  The Ninth Circuit has not yet interpreted this section, but the "Seventh Circuit has only extended liability to 'violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents.'"  *Austero v. Aurora Loan Servs.*, No. C-11-00490, 2011 U.S. Dist. LEXIS 85356, at *42 (N.D. Cal. Aug. 3, 2011) (quoting *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir. 1998) (noting that the Fifth and Eleventh Circuits are in accord).

Here, Plaintiff's asserted TILA violation concerns "undisclosed charges includ[ing] a sum identified on the Settlement Statement listing the amount finance which is different from the sum listed on the original Note."  (Compl. ¶ 69, ECF No. 1-1)  While Plaintiff does not explicitly assert assignee liability against Green Tree, if, as Plaintiff alleges, the sum identified on the TILA statement differs from the sum listed on the original note, this discrepancy would qualify as one that a "reasonable person [could] spot on the face of the disclosure statement or other assigned documents."  *Taylor*, 150 F.3d at 694; *see also Nunez v. Aurora Loan Servs.*, No. 11cv1121, 2011 U.S. Dist. LEXIS 123312, at *12 (S.D. Cal. Oct. 24, 2011) ("The discrepancy [between the final HUD-1 statement and the TILA disclosure statement] was apparent on the face of these two documents.").

This is not the end of the inquiry, however.  In order for assignee liability to attach, this discrepancy must reveal the existence of a TILA violation.  But Plaintiff's complaint does not go so far as to demonstrate that the finance charge disclosure constituted a violation of TILA.  National City Mortgage allegedly failed to disclose an accurate finance charge, in violation of 12 C.F.R. § 226.18(d).  However, pursuant to that section, the disclosed finance charge "shall be treated as accurate" so long as the amount disclosed "(i) is understated by no more than $100; or (ii) is greater than the amount required to be disclosed."  12 C.F.R. § 226.18(d)(1).  Here,

1   Plaintiff's complaint falls short by failing to allege whether the apparent discrepancy revealed that
2   the finance charge disclosure was understated by more than $100.

3   Thus, Plaintiff fails to state a claim for assignee liability under TILA and Green Tree's
4   motion to dismiss this claim is therefore **GRANTED**.  Because Plaintiff could supplement his
5   complaint with allegations regarding the allegedly inaccurate finance charge disclosure, however,
6   the Court **DISMISSES** this claim **WITHOUT PREJUDICE**.

7   *(B)  Statute of Limitations Under TILA*

8   Even assuming Plaintiff alleged sufficient facts to state a claim under TILA, Plaintiff's
9   claim is untimely.  TILA applies a one-year statute of limitations to damages claims and a three-
10  year limitations period for the right to rescind.  15 U.S.C. §§ 1635(f), 1640(e).  TILA's statute of
11  limitations is not triggered by the discovery of a violation, but begins to run on the day the loan is
12  consummated.  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  However, equitable tolling
13  of the TILA claim may be available "if the general rule would be unjust or frustrate the purpose of
14  the Act."  *King*, 784 F.2d at 915.  Specifically, tolling is proper where there are "allegations of
15  fraudulent concealment which by their very nature, if true, serve to make compliance with the
16  limitation period imposed by Congress an impossibility."  *Id.* (quoting *Jones v. TransOhio Sav.*
17  *Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984)).

18  Plaintiff filed this action well outside of the limitations periods for both damages and
19  rescission.  Plaintiff entered into the relevant loan transaction on August 16, 2007.  (Compl. ¶ 6,
20  ECF No. 1-1)  Thus, a timely damages claim would have been filed by August 16, 2008, and a
21  timely rescission claim by August 16, 2010.  Plaintiff's claim here was filed on March 8, 2011,
22  over two and a half years too late for a damages claim and approximately six months late for a
23  rescission claim.

24  Regarding whether the limitations period should be tolled, here, Plaintiff alleges that "[t]he
25  aforementioned acts of Defendants, and each of them, were motivated by oppression, fraud, [and]
26  malice," but  does not provide any additional factual support for this bare assertion.  (Compl. ¶ 71,
27  ECF No. 1-1)  Moreover, Plaintiff had a reasonable opportunity to discover the allegedly
28  inaccurate finance charge disclosure within the limitations period.  In fact, as explained above, the
    alleged discrepancy between the finance charge disclosure and the finance charge listed on the

original note is something that a "reasonable person could spot on the face of the disclosure statement," and ought to have alerted Plaintiff to the alleged TILA violation.  The fact that Plaintiff did not undertake an investigation of the inaccurate finance charge disclosure until after the limitations period had already expired is no reason to compromise Congress's stated limitations period.

Thus, Plaintiff's TILA claim is not timely and Green Tree's motion to dismiss this claim is **GRANTED** on this basis as well.  It is nonetheless possible that facts justifying tolling exist and therefore the Court **DISMISSES** this claim **WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons stated above, Green Tree's motion to dismiss is **GRANTED**.  Plaintiff's TILA claim is **DISMISSED WITHOUT PREJUDICE**.  Having dismissed Plaintiff's only federal claim in this action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c).  If Plaintiff wishes, Plaintiff may file an amended complaint within fourteen days after this order is electronically docketed.

**IT IS SO ORDERED.**

DATED: November 15, 2011

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge